Aaron D. Radbil (*pro hac vice*)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
(512) 803-1578
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Linda Morgan, *on behalf of herself and others similarly situated*, | ) ) ) | Civil Action No.: 4:20-cv-00204-DCB |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| Linebarger Goggan Blair & Sampson, LLP, | ) ) ) | |
| Defendant. | ) ) ) | |

## AMENDED CLASS ACTION COMPLAINT

### Nature of this Action

1.      Linda Morgan ("Plaintiff") brings this class action against Linebarger Goggan Blair & Sampson, LLP ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, and an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service, and to telephone numbers assigned to a service for which the called party is charged for the call, without prior express consent.

3.      That is, Defendant places autodialed calls, and delivers artificial or

1

prerecorded voice messages, to wrong or reassigned cellular telephone numbers, and to wrong or reassigned telephone numbers for which the called party is charged for the call.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6.     In particular, Defendant directed the calls and artificial or prerecorded voice messages at issue to Plaintiff in this jurisdiction, and Plaintiff received Defendant's calls and artificial or prerecorded voice messages in this jurisdiction.

## Parties

7.     Plaintiff is a natural person who at all relevant times resided in Tucson, Arizona.

8.     Defendant is a national law firm with a practice focused on debt collection.

9.     Defendant's principal office is located in Austin, Texas.

## Factual Allegations

10.     Plaintiff is the regular and sole user of telephone number (520) XXX-XXXX.

11.     Plaintiff's telephone number is, and was at all relevant times, assigned to a Voice over Internet Protocol ("VoIP") service through ViaTalk.

12.     More specifically, Plaintiff's VoIP service allows her to make and receive telephone calls through a broadband internet connection.

13.     As part of Plaintiff's VoIP service, she receives telephone calls to both her wired home telephone number—through a broadband internet connection—and her cellular telephone, which is often not connected to a broadband internet connection.

14.     In fact, Plaintiff received the calls Defendant placed to her telephone number on her cellular telephone, while her cellular telephone was using cellular service away from her home.

2

15.     In short, Plaintiff's telephone number is, and was at all relevant times, assigned to a telephone service that includes a VoIP component, and that routes some calls over a cellular network.

16.     Plaintiff's telephone number is also assigned to a service for which she is charged for calls.

17.     In particular, Plaintiff pays a fixed, monthly amount—$10.95—to use her telephone number.

18.     The telephone service plan for which Plaintiff pays this fixed, monthly amount provides her a maximum of 2,000 minutes, which are depleted by way of both outgoing calls, incoming calls, and voice messages.

19.     As a result of each call Defendant placed to Plaintiff's telephone number, Plaintiff's monthly limit of 2,000 minutes was depleted.

20.     On March 24, 2020, Defendant delivered the following prerecorded or artificial voice message to Plaintiff's telephone number:

> This is the collections department of Linebarger Goggan Blair & Sampson calling for Long, Susan. Please return our call at (844) 624-9431. When calling back please refer to account number 50209734, or you may press 0 to be connected with an account representative right now. . . . This is the collections department of Linebarger Goggan Blair & Sampson calling for Long, Susan. Please return our call at (844) 624-9431. When calling back please refer to account number 50209734, or you may press 0 to be connected with an account representative right now. You may press 8 to hear this message again.

To listen to the voice message click here: [Link]

21.     On April 8, 2020, Defendant delivered the following prerecorded or artificial voice message to Plaintiff's telephone:

> This is the collections department of Linebarger Goggan Blair & Sampson calling for Long, Susan. Please return our call at (844) 624-9431. When calling back please refer to account number 50209734, or you may press 0 to be connected with an account representative right now. . . . This is the collections department of Linebarger Goggan Blair & Sampson calling for Long, Susan. Please return our call at (844) 624-9431. When calling back please refer to account number 50209734, or you may press 0 to be

connected with an account representative right now. You may press 8 to hear this message again.

To listen to the voice message click here: [Link]

22.   Plaintiff is not Susan Long, and does not know Susan Long.

23.   Plaintiff is not, nor was, one of Defendant's clients.

24.   Plaintiff does not, nor did she, have an account in collections with Defendant.

25.   Plaintiff does not, nor did she, have any business relationship with Defendant.

26.   Plaintiff did not provide her telephone number to Defendant.

27.   Plaintiff did not give Defendant prior express consent to place calls to her telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

28.   Upon information and good faith belief, Defendant placed its calls to Plaintiff's telephone number in an effort to reach a third party.

29.   Plaintiff does not know the third party Defendant attempted to reach by placing calls to Plaintiff's telephone number.

30.   Upon information and good faith belief, and in light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's telephone number by using an automatic telephone dialing system.

31.   Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018); *see*

4

*also Duran v. La Boom Disco, Inc.*, No. 19-600-CV, 2020 WL 1682773, at *1 n.3 (2d Cir. Apr. 7, 2020) ("The Ninth Circuit, which we follow here, concluded that an ATDS can, indeed, make calls from stored lists.").

32.   Upon information and good faith belief, Defendant placed its calls to Plaintiff's telephone number for non-emergency purposes.

33.   Upon information and good faith belief, Defendant placed its calls to Plaintiff's telephone number voluntarily.

34.   Upon information and good faith belief, Defendant placed its calls to Plaintiff's telephone number under its own free will.

35.   Upon information and good faith belief, Defendant had knowledge it was using an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's telephone number.

36.   Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded messages, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

37.   In addition, Defendant's calls and artificial or prerecorded voice messages depleted Plaintiff's monthly allotment of minutes, for which she paid a fee.

38.   Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and an artificial or prerecorded voice to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service, and to telephone numbers assigned to a service for which the called party is charged for the call.

**Class Action Allegations**

39.   Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Linebarger Goggan Blair & Sampson, LLP's collections department placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service or a service for which the called party is charged for the call, but not

5

assigned to an individual or entity Linebarger Goggan Blair & Sampson, LLP's collection department intended to reach, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from May 13, 2016 through the date of class certification.

40.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41.     Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

42.     The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

43.     The members of the class are ascertainable because the class is defined by reference to objective criteria.

44.     In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

45.     Plaintiff's claims are typical of the claims of the members of the class.

46.     As it did for all members of the class, Defendant used an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls to Plaintiff's telephone number.

47.     Plaintiff is not, and never was, an individual that Defendant's collections department intended to reach.

48.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

49.     Plaintiff's claims are based on the same theories as are the claims of the members of the class.

50.     Plaintiff suffered the same injuries as the members of the class.

51.     Plaintiff will fairly and adequately protect the interests of the members of the class.

52.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

53.    Plaintiff will vigorously pursue the claims of the members of the class.

54.    Plaintiff has retained counsel experienced and competent in class action litigation.

55.    Plaintiff's counsel will vigorously pursue this matter.

56.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

57.    The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

58.    Issues of law and fact common to all members of the class are:

    a.  Defendant's violations of the TCPA;

    b.  Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers, or wrong or reassigned telephone numbers for which the called party is charged for the call;

    c.  Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    d.  Defendant's use of an artificial or prerecorded voice, and

    e.  The availability of statutory penalties.

59.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

61.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

62.   The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

63.   These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

64.   The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

65.   The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

66.   There will be little difficulty in the management of this action as a class action.

67.   Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

68.   Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

69.   Plaintiff's telephone number is assigned to a service contemplated by the TCPA as a cellular telephone service. *Accord Breda v. Cellco P'ship*, 934 F.3d 1, 10-11, 13 (1st Cir. 2019) ("In other words, VZW in effect asks us to read 'exclusively' into the 'cellular telephone service' provision of § 227(b)(1)(A)(iii) such that it would only cover calls to telephone numbers assigned to an 'exclusively cellular telephone service.' We decline to read such a restriction into the statutory language. To the contrary, because the TCPA is a consumer protection statute, we must interpret it broadly in favor of consumers. . . . Further, as a matter of common sense, we see no principled reason for treating a service that involves the routing of calls over a cellular network the same as a

1  service that exclusively uses VoIP technology for purposes of determining liability under
2  the 'cellular telephone service' provision of the TCPA. * * * In sum, on the record before
3  us, we conclude that Breda's telephone number is 'assigned to a . . . cellular telephone
4  service' within the meaning of § 227(b)(1)(A)(iii) of the TCPA.").

5       70.    Plaintiff's telephone number is a number assigned to a service
6  contemplated by the TCPA as one for which she is charged for calls. *Accord Baemmert v.*
7  *Credit One Bank, N.A.*, 271 F. Supp. 3d 1043, 1050 (W.D. Wis. 2017) ("'Except where
8  there is no evidence that the called party was charged for the call, courts generally'
9  recognize that, when a plaintiff pays for services on a per-call basis, like paying for
10 minutes on a cell phone, the plaintiff has a viable claim under 47 U.S.C. §
11 227(b)(1)(A)(iii); *see also Jones v. Experian Info. Sols.*, No. 14-cv-10218, 2016 WL
12 3945094, at *7 (D. Mass. July 19, 2016) (collecting cases) ("This court agrees. If a VoIP
13 service charges on a per-call basis, that service falls under the broad statutory language,
14 'any service for which the called party is charged for the call.' 47 U.S.C. §
15 227(b)(1)(A)(iii). So Baemmert can prevail by showing that he incurred charges for the
16 collection calls.").

17      71.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic
18 telephone dialing system to place calls to Plaintiff's telephone number and the telephone
19 numbers of the members of the class, without consent.

20      72.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or
21 prerecorded voice in connection with calls it placed to Plaintiff's telephone number and
22 the telephone numbers of the members of the class, without consent.

23      73.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii),
24 Plaintiff, and the members of the class, are entitled to damages in an amount to be proven
25 at trial.

26                          **Prayer for Relief**

27      WHEREFORE, Plaintiff prays for relief and judgment, as follows:

28

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's telephone number, and to the telephone numbers of members of the class, by using an automatic telephone dialing system or an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the members of the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: May 14, 2020                    Respectfully submitted,

                                       */s/ Aaron D. Radbil*
                                       Aaron D. Radbil (*pro hac vice*)
                                       Greenwald Davidson Radbil PLLC